UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Nicholas Boan, *also known as Nicholas James Boan*, | ) C/A No. 2:13-2378-RBH-BHH ) ) |
| Plaintiff, | ) ) |
| vs. | ) REPORT AND RECOMMENDATION ) |
| Warden Michael McCall; Ass. Warden Dean; Ass. Warden Nolan; Major Steffan; Contraband Lt. Durant; Contraband Sgt. Epps; Contraband McKenzie; Contraband Free; Contraband Atkinson; Contraband Taylor; Grivance James; L. Johnson; Ann Hallman; Captain Stonebreaker, | ) ) ) ) ) ) ) ) |
| Defendants. | ) ) |

Plaintiff, Nicholas Boan, ("Plaintiff"), is a state prisoner in the Lee Correctional Institution of the South Carolina Department of Corrections ("SCDC") in Bishopville, South Carolina, who is proceeding pro se and in forma pauperis. Plaintiff's Complaint alleges that Defendants committed constitutional violations by taking Plaintiff's personal property without due process. Pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), this matter is before the undersigned United States Magistrate Judge for report and recommendation following pre-service review. Having reviewed the Complaint in accordance with applicable law, the undersigned recommends that it be summarily dismissed, without prejudice and without issuance and service of process.

## PRO SE AND IN FORMA PAUPERIS REVIEW

Title 28 U.S.C. § 1915A(a) requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a

governmental entity." The in forma pauperis statute authorizes the District Court to dismiss a case if it is satisfied that the action is frivolous, or fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §1915(e)(2)(B)(I), (ii) and (iii). As a pro se litigant, Plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by lawyers. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam). However, even under this less stringent standard, a *pro se* pleading remains subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. Weller v. Dept. of Social Services, 901 F.2d 387, 391 (4th Cir. 1990).

## BACKGROUND

Plaintiff alleges that, when he was placed on lock up on, January 3, 2013, his personal property was taken and he was told that he would receive an inventory of all of his belongings to verify that the property was secured. Plaintiff alleges that the inventory was not done and, on April 12, 2013, after he had been on lock up for three months, he filed a grievance. Plaintiff alleges that, on April 24, 2013, he received an inventory, but it "didn't have a lot of [Plaintiff's] personal property (example $70.00 hygiene, fan, food, boots)." Complaint, ECF No. 1, p. 3. Plaintiff alleges that he filed another grievance on April 25, 2013, which was not processed, because it was considered to be a duplicate. Plaintiff alleges that he wrote to the grievance chief and, on May 22, 2013, received a response stating that Plaintiff's April 25, 2013 grievance would be reopened.

Plaintiff alleges that he was released from lock up on May 7, 2013 and, after inquiring about his missing personal property, was told that nothing had been taken from him. Plaintiff alleges that, on May 9, 2013, he was given back his $70.00 hygiene and his fan, and he was told that his remaining belongings were being held in the contraband room, but that Plaintiff's food would not be returned. Plaintiff alleges that when he asked about his boots, he was told that his boots were not in the contraband room, and when he objected to the fact that his food would not be returned, he was instructed to file a new grievance, with a list of all of his missing items, so that they could be replaced. Plaintiff alleges that he compiled a list of receipts of his food purchases, prior to his being placed on lock up, and the total amount of food taken from him was valued at $387.00. Complaint, ECF no. 1, p. 4. Plaintiff alleges that, on June 11, 2013, he was called to the grievance office and given two boxes of food, with a value of approximately $60.00, and was told that he could take it or leave it, but that was all that was left of his personal property, and his boots could not be located. Plaintiff alleges that, on June 27, 2013, the warden responded to his reopened grievance, stating that contraband officers had not followed the proper rules and policy but that, because of bugs, it was normal procedure for personal food items to be taken. Complaint, ECF No. 1, p. 5.

Plaintiff alleges that he paid for all of the items of personal property and that he was allowed, under SCDC policy, to purchase and possess up to $500 of food per month. Plaintiff maintains that the failure to return all of the personal property which was taken from him when he was placed on lock up constitutes a violation of his Fifth, Sixth, and Fourteenth Amendment rights of due process. Complaint, ECF No. 1, p. 6. Plaintiff seeks the return of his food or $387, and the return of his boots. He also asks the court to set

standards so that SCDC does not go against its rules, policies, procedures, and the constitution.  Complaint, ECF No. 1, p. 7.

## DISCUSSION

The undersigned construes Plaintiff's Complaint to assert a claim, pursuant to 42 U.S.C. § 1983,[1] that Defendants violated Plaintiff's rights under the Due Process Clause of the Fourteenth Amendment, by taking his personal property upon his placement on lock up and then failing to return all of it to him upon his release from lock up.  However, it is well settled that the Due Process Clause is not implicated by a negligent act of a governmental official causing unintended loss of or injury to life, liberty, or property.  See Daniels v. Williams, 474 U.S. 327 (1986); Pink v. Lester, 52 F.3d 73, 75 (4th Cir.1995).  Thus, to the extent that Plaintiff complains of negligent conduct by Defendants, he cannot bring this action in this Court under § 1983.  See DeShaney v. Winnebago Cnty. Dep't of Soc. Servs., 489 U.S. 189, 200-03 (1989) ("[t]he Due Process Clause of the Fourteenth Amendment . . . does not transform every tort committed by a state actor into a constitutional violation").

Further, even an intentional deprivation of property by a governmental employee, if unauthorized, does not violate the Due Process Clause if a meaningful post-deprivation

---

[1] Not itself a source of substantive rights, § 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by "person(s)" acting "under color of state law."  See Jennings v. Davis, 476 F.2d 1271 (8th Cir. 1973).  The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails.  See McKnight v. Rees, 88 F.3d 417(6th Cir. 1996).  To state a cause of action under 42 U.S.C. § 1983, a plaintiff must allege that: (1) individual defendant(s) deprived him of a federal right, and (2) did so under color of state law.  Gomez v. Toledo, 446 U.S. 635, 640 (1980); see Hall v. Quillen, 631 F.2d 1154, 1155-56 (4th Cir. 1980).

remedy for the loss is available. See Hudson v. Palmer, 468 U.S. 517, 533 (1984); Mora v. City of Gaithersburg, MD, 519 F.3d 216, 230-31 (4th Cir. 2008) (concerning the intentional taking of guns and ammunition from the plaintiff); Bogart v. Chapell, 396 F.3d 548, 561-63 (4th Cir. 2005) (finding that intentional destruction of the plaintiff's animals did not violate the due process clause because South Carolina afforded a meaningful post-deprivation remedy for the loss of animals). Plaintiff has a meaningful remedy under South Carolina law to obtain relief for Defendants' alleged unlawful taking of Plaintiff's personal property, by bringing an action in state court, pursuant to the South Carolina Tort Claims Act, S.C. Code § 15-78-10 et seq. See Mora, 519 F.3d at 231 (the state courts were open to Mora for claims of conversion or trespass to chattels and there was no reason to think that the State process was constitutionally inadequate); see also Hudson v. Palmer, 468 U.S. at 530-536 (1984) (holding that intentional deprivations of property by State employees do not violate due process until and unless the State refuses to provide a suitable post-deprivation remedy); Plumer v. State of Maryland, 915 F.2d 927, 930-31 (4th Cir. 1990) (where a state actor commits an "unauthorized act" of taking property then an adequate state post-deprivation procedure satisfies due process); Yates v. Jamison, 782 F.2d 1182, 1183-184 (4th Cir. 1986) (holding that a federal district court should deny § 1983 relief if state law provides a plaintiff with a viable remedy for the loss of personal property even if the deprivation was caused by an employee of the state, an employee of a state agency, or an employee of a political subdivision of a state).[2]

---

[2] Yates has been partially overruled for cases where plaintiffs allege deprivations of intangible interests, such as a driver's license or "liberty[.]" Plumer v. Maryland, 915 F.2d 927, 929-32 & nn.2-5 (4th Cir. 1990); see also Zinermon v. Burch, 494 U.S. 113 (1990). However, the holding in Yates is still binding on lower federal courts in the

Additionally, Plaintiff's allegation that Defendants did not follow SCDC policies or procedures, standing alone, does not amount to a constitutional violation.  See Riccio v. County of Fairfax, Virginia, 907 F.2d 1459, 1469 (4th Cir. 1990) (if state law grants more procedural rights than the Constitution requires, a state's failure to abide by that law is not a federal due process issue); Keeler v. Pea, 782 F. Supp. 42, 44 (D.S.C. 1992) (violations of prison policies which fail to reach the level of a constitutional violation are not actionable under § 1983).  It is well settled that prisoners have no federal constitutional right to an inmate grievance system and, if a grievance system exists, corrections officials' failure to properly apply the grievance procedure is not actionable under § 1983.  See Adams v. Rice,  40 F.3d 72, 75 (4th Cir. 1994).

Plaintiff's Complaint fails to allege any facts which state a plausible claim against Defendants upon which relief may be granted by this Court.

## RECOMMENDATION

For the foregoing reasons, Plaintiff's Complaint should be summarily dismissed, without prejudice and without issuance and service of process.  Plaintiff's attention is directed to the important notice on the next page.

September 17, 2013                                   s/Bruce Howe Hendricks
Charleston, South Carolina                           United States Magistrate Judge

---

Fourth Circuit in cases involving deprivations of personal property.

**Notice of Right to File Objections to Report and Recommendation**

The petitioner is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk of Court
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).