IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Nicholas Boan, also known as Nicholas James Boan, | ) ) ) Civil Action No.: 2:13-cv-2378-RBH |
| Plaintiff, | ) ) ) |
| v. | ) ) **ORDER** |
| Warden Michael McCall; Ass. Warden Dean; Ass. Warden Nolan; Major Steffan; Contraband Lt. Durant, Contraband Sgt. Epps; Contraband McKenzie; Contraband Free; Contraband Atkinson; Contraband Taylor; Grivance James; L. Johnson; Ann Hallman; Captain Stonebreaker, | ) ) ) ) ) ) ) ) ) |
| Defendants. | ) ) |

Plaintiff Nicholas Boan a/k/a Nicholas James Boan, ("Plaintiff"), a self-represented state prisoner, brought this civil action pursuant to 42 U.S.C. § 1983 on September 3, 2013. Compl., ECF No. 1. Plaintiff also filed a motion for leave to proceed *in forma pauperis* on September 3, 2013. ECF No. 2. This matter is before the Court after the issuance of the Report and Recommendation ("R & R") of United States Magistrate Judge Bruce Howe Hendricks.[1] R & R, ECF No. 10. In the R & R, the Magistrate Judge recommends that the Complaint be summarily dismissed, without prejudice and without issuance of service of process. Plaintiff timely filed

---

[1] In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (D.S.C.), this matter was referred to the Magistrate Judge for pretrial handling. The Magistrate Judge's review of Plaintiff's complaint was conducted pursuant to the screening provisions of 28 U.S.C. §§ 1915(e)(2) and 1915A. The Court is mindful of its duty to liberally construe the pleadings of *pro se* litigants. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978); *but see Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

objections to the R & R on September 25, 2013. Pl.'s Objections, ECF No. 12. For the following reasons, this Court adopts the Magistrate Judge's recommendation.[2]

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to the district court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the district court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The district court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The district court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The Court reviews only for clear error in the absence of a specific objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

## DISCUSSION

The Magistrate Judge recommends that the Court summarily dismiss the complaint, without prejudice and without service of process. Specifically, the Magistrate Judge recommends finding

---

[2] The factual allegations of the complaint, including citations to the record, are discussed thoroughly in the Magistrate Judge's R & R. *See* R & R at 2–4. Briefly stated, Plaintiff alleges that his constitutional rights were violated when certain personal property of his was improperly seized by prison officials. *Id.* at 1.

2

that Plaintiff's § 1983 claim fails because: (1) mere negligence by a government official causing unintended loss does not implicate the due process clause; (2) even if there was an intentional deprivation, Plaintiff has a meaningful remedy for the loss, namely an claim pursuant to the South Carolina Tort Claims Act; and (3) Plaintiff's allegation that the prison and officials did not follow applicable policies and procedures, standing alone, does not amount to a constitutional violation. ECF No. 10 at 4–6.

In response, Plaintiff filed objections to the R & R. The Court may only consider objections to the R & R that direct it to a specific error. *See* Fed. R. Civ. P. 72(b); *United States v. Schronce*, 727 F.2d 91, 94 n.4 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841, 845-47 nn.1-3 (4th Cir. 1985). Again, "courts have . . . held *de novo* review to be unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate's proposed findings and recommendation." *Orpiano*, 687 F.2d at 47. Thus, the Court shall conduct a *de novo* review of those objections it deems proper.

Plaintiff's objections are, for the most part, improper. The objections largely parrot the allegations of his complaint. *See* Pl's Objections, ECF No. 12 at 4–5. Plaintiff's primary argument in the objections asserts that the Defendants acted knowingly, oppressively, or obtrusively in depriving him of his rights and in failing to follow the policies and procedures of the prison where he is incarcerated. *Id.* at 5–6. Plaintiff also argues that the state prison grievance system cannot be considered adequate, as it has failed to address or rectify Plaintiff's grievance. *Id.* at 6–7.

3

The Court agrees with the Magistrate Judge's analysis in the R & R.  As the Magistrate Judge noted, even where an intentional, unauthorized deprivation of property by a governmental employee, there is no violation of the Due Process Clause if a meaningful post-deprivation remedy for the loss is available.  *Hudson v. Palmer*, 468 U.S. 517, 533, 104 S. Ct. 3194, 82 L. Ed. 2d 393 (1984).  Here, as the Magistrate Judge explained, Plaintiff has a meaningful remedy under South Carolina law to obtain relief for Defendants' purported unlawful taking of his property by bringing an action in state court pursuant to the South Carolina Tort Claims Act, S.C. Code Ann. § 15-78-10.  Plaintiff's objections do not address this determination and, finding no clear error, the Court agrees with the Magistrate Judge that Plaintiff has an adequate remedy for the purported taking.  Since there is a meaningful post-deprivation remedy, Plaintiff's claim is not actionable under § 1983.  *See Hudson*, 468 U.S. at 533.

Plaintiff also complains about the application of the inmate grievance system and its adequacy in addressing his complaints.  As the Magistrate Judge noted, the mere fact that Defendants purportedly did not follow South Carolina Department of Corrections policies or procedures, standing alone, does not amount to a constitutional violation.  *See Riccio v. County of Fairfax, Va.*, 907 F.2d 1459, 1469 (4th Cir. 1990) ("If state law grants more procedural rights than the Constitution would otherwise require, a state's failure to abide by that law is not a federal due process issue."); *Keller v. Pea*, 782 F. Supp. 42, 44 (D.S.C. 1992) ("Plaintiff completely misunderstands the scope of § 1983.  This statute guarantees a person's constitutional rights against violation by state actors.  It does not provide any relief against prison rules violations assuming, *arguendo*, that such a violation occurred.").  Moreover, there is no federal constitutional right to an inmate grievance system and, if one is in place, failure to properly apply the procedure is not

4

actionable under § 1983. *See Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994); *see also Taylor v. Lang*, 483 Fed. App'x 855, 858 (4th Cir. 2012) ("[Plaintiff's] access to and participation in the prison's grievance process are not constitutionally protected . . . ."). Accordingly, Plaintiff's objections regarding the grievance system's operation and adequacy are improper.

Plaintiff's objections, therefore, are overruled. The Court agrees with the Magistrate Judge's recommendation that the Complaint should be summarily dismissed, without prejudice and without issuance of service of process.

## CONCLUSION

The Court has thoroughly reviewed the entire record, including Plaintiff's Complaint, the R & R, Plaintiff's objections to the R & R, and applicable law. For the reasons stated above and by the Magistrate Judge, the Court hereby overrules Plaintiff's objections and adopts the Magistrate Judge's R & R.

**IT IS THEREFORE ORDERE**D that Plaintiff's Complaint is hereby **DISMISSED** without prejudice and without service of process.

**IT IS SO ORDERED.**

                                              s/ R. Bryan Harwell
                                              R. Bryan Harwell
                                              United States District Judge

Florence, South Carolina
December 31, 2013